# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**CHARLES BOLTON, *et al.*,**                                      **PLAINTIFFS**

**v.**                                **CIVIL ACTION NO. 2:18-CV-64-KS-MTP**

**UNITED STATES OF AMERICA**                                   **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

On June 26, 2018, the Court entered a Memorandum Opinion and Order [19] granting Defendant Christopher Freeze's Motion to Substitute [3] the United States of America as the proper defendant, and granting Defendant's Motion to Dismiss [6]. Plaintiffs filed a Motion for Reconsideration [20] of that order. For the reasons below, the Court **denies** Plaintiffs' Motion for Reconsideration [20].

"A motion asking the court to reconsider a prior ruling is evaluated either as a motion . . . under Rule 59(e) or . . . under Rule 60(b). The rule under which the motion is considered is based on when the motion is filed. If the motion is filed within twenty-eight days after the entry of judgment, the motion is treated as though it was filed under Rule 59, and if it was filed outside of that time, it is analyzed under Rule 60." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n. 2 (5th Cir. 2012). Plaintiffs' Motion for Reconsideration [19] was filed within twenty-eight days of the subject ruling. Therefore, Rule 59(e) applies.

"A Rule 59(e) motion calls into question the correctness of a judgment." *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 478 (5th Cir. 2004). There are three grounds for

altering a judgment under Rule 59(e): "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice." *Williamson Pounders Architects, P.C. v. Tunica County*, 681 F. Supp. 2d 766, 767 (N.D. Miss. 2008). Rule 59(e) motions are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment," *Templet*, 367 F.3d at 478, and they "should not be used to . . . re-urge matters that have already been advanced by a party." *Nationalist Movement v. Town of Jena*, 321 F. App'x 359, 364 (5th Cir. 2009). It is "an extraordinary remedy that should be used sparingly." *Id.* Before filing a Rule 59(e) motion, a party "should evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement" with the Court. *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990).

First, Plaintiffs argue that the Court erred in declining to consider their unauthorized sur-reply. Plaintiffs are mistaken. This Court's Local Rules do not permit the unauthorized filing of sur-replies. *See* L.U.Civ.R. 7(b). On this subject, the Court's prior decisions are clear. *See, e.g. Lighthouse Rescue Mission, Inc. v. City of Hattiesburg, Miss.*, No. 2:12-CV-184-KS-MTP, 2014 WL 1653108, at *2 n. 3 (S.D. Miss. Apr. 23, 2014); *Patton v. Bryant*, No. 3:13-CV-485-DPJ-FKB, 2014 WL 36618, at *5 (S.D. Miss. Jan. 6, 2014); *see also Jefferson v. Christus St. Joseph Hosp.*, 374 F. App'x 485, 489 (5th Cir. 2010) (district court did not abuse discretion in refusing to consider sur-reply filed without leave); *Larcher v. West*, 147 F. Supp. 2d 538, 539 (N.D. Tex.

2001).

Next, Plaintiffs argue that the Court should consider new evidence that was not timely presented before it ruled – specifically, testimony provided in a congressional committee hearing. Plaintiffs contend that the testimony demonstrates that Freeze violated Department of Justice policy by talking to a reporter about uncharged conduct. Even if the Court assumes that Freeze violated DOJ policy, his actions were still within the course and scope of his employment. As the D.C. Circuit recently held: "Extensive precedent makes clear that alleging a federal employee violated policy or even laws in the course of her employment – including specific allegations of defamation or of potentially criminal activities – does not take that conduct outside the scope of employment." *Smith v. Clinton*, 886 F.3d 122, 126 (D.C. Cir. 2018). The D.C. Circuit's reasoning mirrors that of this Court's previous ruling: "What matters is whether the underlying activity itself was part of the employee's duties." *Id.* at 127. It is undisputed that public and media relations were part of Freeze's job duties, as explained in the Court's previous order.

Next, Plaintiffs argue that the new evidence they provided entitles them to conduct discovery as to the scope of Freeze's duties. The Court rejects this argument for the same reasons provided in its prior order. A plaintiff challenging the Government's Westfall Act certification has no right to conduct discovery as to the defendant's scope of employment unless he "alleges facts that plausibly suggest [the defendant] acted outside the scope of her employment." *White v. United States*, 419 F. App'x 439, 443 (5th Cir. 2011); *see also Dillon v. State of Miss., Military Dep't, Army*

*National Guard*, 827 F. Supp. 1258, 1264 (S.D. Miss. 1993). As the Court previously held, Plaintiffs did not allege facts which plausibly suggest Freeze acted outside the scope of his employment. The "new evidence" does not alter this conclusion.

For these reasons, the Court **denies** Plaintiffs' Motion for Reconsideration [20] of its prior Memorandum Opinion and Order [19].

SO ORDERED AND ADJUDGED this 5th day of September, 2018.

    /s/ Keith Starrett
    KEITH STARRETT
    UNITED STATES DISTRICT JUDGE